IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ROGER CANO #11972-280,
              Plaintiff,

-vs-                                                          Case No. A-09-CA-123-JN

DIRECTOR BUREAU OF PRISONS,
WARDEN CLAUDE MAYE FCI BASTROP,
and DR. McGLAUGHLIN MEDICAL
DIRECTOR FCI BASTROP,
              Defendants.

# REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE JAMES R. NOWLIN
         UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's civil rights complaint (Document No. 1); Plaintiff's memorandum in support (Document No. 2); Plaintiff's more definite statement (Document No. 8); Defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment (Document No. 30); Plaintiff's response thereto (Document No. 32); Plaintiff's Motion for Leave to File an Amended Complaint in Response to Defendants' Motion to Dismiss (Document No. 36); and Defendants' Response to Plaintiff's Motion to Amend and Reply to Plaintiff's response (Document No. 37). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was confined in FCI Bastrop.[1] Plaintiff, along with several other inmates, filed a civil rights complaint and related application for habeas corpus relief pursuant to 28 U.S.C. § 2241 with the assistance of Inmate Herbey Armendariz. In Plaintiff's complaint he complains about the medical care he received while confined in the Special Housing Unit (SHU) at FCI Bastrop. However, Plaintiff did not exhaust his administrative remedies prior to filing his lawsuit. Defendants move to dismiss Plaintiff's complaint on this basis.

## II. ANALYSIS

### A. Standard of Review Under Fed. R. Civ. P. 56(c)

Because the Court has considered documents outside of the pleadings, the Court will analyze Plaintiff's claims and complaint under Rule 56(c). A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322,

---

[1] Plaintiff has subsequently been transferred to FCI Petersburg.

106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

    B.    <u>Exhaustion of Administrative Remedies</u>

Plaintiff did not adequately address the exhaustion of administrative remedies in his response to Defendants' Motion to Dismiss or alternative Motion for Summary Judgment. However, Plaintiff did address the exhaustion issue in his proposed amended complaint attached to his Motion to Amend [#36]. The Court will consider the proposed amended complaint as an additional response to the defendants' motion.

The PLRA provides "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Days v. Johnson, 322F.3d 863, 866 (5th Cir. 2003); Underwood v. Wilson, 151 F.3d 292, 293 (5th Cir. 1998). Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 739, 741 n. 6, 121 S. Ct. 1819 (2001). Additionally, "[u]nder the present version of § 1997e, the district court is no longer required to determine whether a prisoner . . . has reasonably and in good-faith pursued his administrative remedies." Underwood, 151 F.3d at 294.

Since the amendment of § 1997e, the Fifth Circuit has taken a strict approach to the exhaustion requirement. See Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of inmate's § 1983 claim for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (stating "[n]othing in the [PLRA] . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems") (footnote omitted). On the other hand, the Fifth Circuit has also stated the exhaustion requirement "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998).

The Supreme Court has made clear "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative sources." Booth, 532 U.S. at 741, 121 S. Ct. at 1825, n.6. Additionally, the Supreme Court has held the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve

4

general circumstances or particular episodes. Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).

        1.      Bivens Claims

The Federal Bureau of Prisons, which administers the prison in which Plaintiff is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden using a BP-9 form. 28 C.F.R. § 542.13(b). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using form BP-11. 28 C.F.R. § 542.15.

The Defendants has provided the Court with the affidavit of Martin Joseph Sweaney, staff attorney for the Bureau of Prisons ("BOP"). Sweaney attests that all seven of Plaintiff's filings pursuant to the BOP's administrative remedy system were rejected because Plaintiff filed them incorrectly. The earliest of those filings was received by the South Central Regional Office on February 18, 2009, nine days after Plaintiff had executed his civil rights complaint. The Court notes Plaintiff had not even started the exhaustion process with respect to these seven filings before he executed his civil rights complaint.

However, attached to Plaintiff's proposed amended complaint is a response from Warden Maye, dated February 19, 2009, to a request made by Plaintiff on February 5, 2009. Also, attached to the complaint is another response from Warden Maye, dated March 19, 2009, to a request made by Plaintiff on March 4, 2009. Curiously, Sweaney's affidavit does not appear to reference either

5

of these requests made by Plaintiff. Nevertheless, the Court notes Plaintiff had not even received Warden Maye's February 19, 2009 response before he executed his federal complaint.

Plaintiff admits in his proposed amended complaint that he obtained an "Informal Resolution" form from his unit counselor on January 29, 2009. Plaintiff further admits staff has 20 days in which to respond to the informal request. By his own admission Plaintiff had waited only 11 days after he obtained his informal request form before he filed his federal complaint. Clearly, Plaintiff failed to exhaust his administrative remedies prior to filing his federal complaint.

### 2. Federal Tort Claims Act

Plaintiff also appears to assert a cause of action under the Federal Tort Claims Act (FTCA). The FTCA provides a limited waiver of sovereign immunity. The statute allows the United States to be held liable to the same extent as a private employer for certain common law torts of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b). A claim is not actionable in federal court unless the claimant has exhausted administrative remedies with the appropriate government agency. 28 U.S.C. § 2675(a). The FTCA bars claimant from filing suit in federal court until they have exhausted administrative remedies. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980 (1993).

Plaintiff does not allege that he filed an Administrative Tort Claim, which is a separate process than the four-step grievance procedure and applies only to tort claims. Moreover, Sweaney attests Plaintiff has not commenced the process of administrative exhaustion under the FTCA.

### 3. Motion for Leave to Amend

Plaintiff's request to amend his complaint should be denied. Plaintiff's proposed amended complaint does not resolve Plaintiff's failure to exhaust his administrative remedies.

### III. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendants' Motion for Summary Judgment, **DISMISS AS MOOT** Defendants' Motion to Dismiss, and **DISMISS WITHOUT PREJUDICE** Plaintiff's complaint for failure to exhaust his administrative remedies. The undersigned further recommends that the District Court **DENY** Plaintiff's Motion for Leave to Amend.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of August, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE